UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY GARCIA-ESPARZA | CIVIL ACTION |
| VERSUS | NO. 19-11595 |
| CLAUDIA N. FARRINGTON ET AL. | SECTION "T" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Johnny Garcia-Esparza, is a prisoner currently incarcerated in the United States Penitentiary, Big Sandy in Inez, Kentucky. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 ("Section 1983"). Record Doc. No. 1 (Complaint at p. 1). He sued Claudia N. Farrington, Deputy Clerk ("Farrington"); the Department of Justice of the United States of America; and the Administrative Office of the United States Courts.

Garcia-Esparza alleges that Farrington (or unidentified court clerks in the Western District of Texas) acted negligently, with illegal intentions, to misrepresent the fact that he filed as a pauper when seeking the return of his property between 2015 and 2017. Plaintiff also alleges that Farrington caused his appeals to be consolidated without notice, which denied him his due process rights of notice and a meaningful opportunity to be heard. Additionally, Garcia-Esparza alleges that the United States District Court for the Western District of Texas and the United States Court of Appeals for the Fifth Circuit denied him due process and denied him relief without notice or an opportunity to be heard. He seeks compensatory damages for the denial of the return of his property, a declaratory

judgment finding that Farrington and the courts violated his Fifth Amendment and due process rights, and unspecified injunctive relief.  Record Doc. No. 1 (Complaint at pp. 27–28, Section IX, Subsections A–E).

## ANALYSIS

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous because it lacks an arguable basis in law or fails to state a claim on which relief can be granted. Plaintiff's complaint asserts claims against several defendants who are immune from prosecution and two defendants who are not suable entities under Section 1983. In addition, the claims in his complaint are

legally frivolous and fail to state a claim even under the broadest reading[1] because they are barred by applicable United States Supreme Court precedent.

III.     BIVENS CLAIM

Garcia-Esparza alleges that Farrington, or other unnamed court clerks in the Western District of Texas, in their individual capacities, misrepresented the fact that he filed in forma pauperis when seeking the return of his property between 2015 and 2017and violated his due process rights by consolidating his appeals without notice. Record Doc. No. 1 (Complaint at pp. 15–27, ¶¶ 11–73). Section 1983 permits civil actions for damages based upon alleged violations of constitutional rights only against persons acting under color of state law, not actions against the United States, its agents or agencies. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 396 (1971). Thus, to whatever extent, if any, plaintiff seeks to assert a Section 1983 claim against the United States or one of its employees or agencies, including named defendants the United States of America Department of Justice or the Administrative Office of the United States courts, he fails to state a claim upon which relief can be granted.

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

Of course, a petitioner may maintain a similar kind of claim against a federal employee accused of violating his federal constitutional rights. Such a claim is generally referred to as a Bivens action. Witherspoon v. White, 111 F.3d 399, 400 n.1 (5th Cir. 1997) (citing Stephenson v. Reno, 28 F.3d 26, 26 n.1 (5th Cir. 1994)). A Bivens claim, however, is available only against government officers in their individual capacities in order to deter future civil rights violations by such individuals. Williamson v. U.S. Dept. of Agriculture, 815 F.2d 368, 380 (5th Cir. 1987). The Supreme Court has held that there can be no Bivens cause of action against the United States government, a federal agency like the Administrative Office of the United States Courts, or government officers in their official capacities, like deputy clerks of court, because the deterrent effect on the individual would be lost. FDIC v. Meyer, 510 U.S. 471, 484–86 (1994).

No Bivens claim can be stated against Farrington, or other unidentified clerks in the United States District Court for the Western District of Texas, since Garcia-Esparza's allegations relate to actions that could only be taken in a deputy clerk's official capacity. In addition, Farrington and the other clerks are insulated from liability based upon the judicial immunity doctrine. The federal Fifth Circuit and other circuit courts have extended the doctrine of judicial immunity to clerks of court. Small v. Dallas Cnty., 170 F. App'x 943, 943 (5th Cir. 2006); Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001); Rogers v. Brintrager, 841 F.2d 853, 856 (8th Cir. 1988); Eades v. Sterlinske, 810 F.2d 723, 726 (7th Cir. 1987). Clerks of court have a "narrower ambit of immunity than

judges and prosecutors," Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981), but they "'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages.'" Clay, 242 F.3d at 682 (quoting Tarter, 646 F.2d at 1013). "[Q]uasi-judicial immunity shields lower officials, such as clerks, who implement judicial orders." Boston v. Lafayette Cnty., 744 F. Supp. 746, 750 (N.D. Miss. 1990) (citations omitted), aff'd, 933 F.2d 1003 (5th Cir. 1991).

The actions about which Garcia-Esparza complains, the process of filing of his application to proceed in forma pauperis and consolidating his appeals, is exclusively an official function of the clerk's office. Plaintiff's written submissions clearly indicate that Farrington's actions were ministerial and taken pursuant to the clerk's official duties. Under these circumstances, Farrington and the other Western District of Texas court clerks are protected by the immunity doctrine from Garcia-Esparza's claim for damages, which must be dismissed as legally frivolous, for failure to state a claim and because it is asserted against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ___31st___ day of October, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.