# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY GARCIA-ESPARZA | CIVIL ACTION |
| VERSUS | NO: 19-11595 |
| CLAUDIA N. FARRINGTON, ET AL. | SECTION: T |

**ORDER**

Before the Court is a motion for leave to appeal *in forma pauperis* filed by Petitioner, Johnny Garcia-Esparza (R. Doc. 10), as well as his Notice of Appeal (R. Doc. 11). This Order revises and replaces the Court's prior Order of January 6, 2020 (R. Doc. 13).

Because the Magistrate Judge previously granted Petitioner leave to proceed *in forma pauperis* in the district court (R. Doc. 3), and there appears to be no change in Petitioner's circumstances, the Court need only determine whether Petitioner's appeal is taken in "good faith." 28 U.S.C. § 1915; Fed. R. App. P. 24(a); *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *Jones v. Frank*, 622 F. Supp. 1119 (W. D. Texas 1985). The petitioner demonstrates "good faith" when seeking review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *Howard*, 707 F.2d at 220. A determination of good faith necessitates an inquiry into the merits of the appeal, but it does not require that probable success be demonstrated. *Jones*, 622 F. Supp. at 1120. The Court's inquiry is thus limited to whether the appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Id.* (quoting *Anders v. California*, 386 U.S. 738, 87

1

S.Ct. 1396, 18 L.Ed.2d 493 (1967) and citing *Howard*, 707 F.2d at 220). Accordingly, if the Court finds the existence of any non-frivolous or colorable issue on appeal, it should grant the motion for leave to proceed *in forma pauperis*. *Howard*, 707 F.2d at 220; *Carson*, 689 F.2d at 586.

In the instant case, Petitioner seeks review of this Court's judgment, asserting (1) that he notified the Court he had been unable to properly research his case because the institution had been on lockdown status and (2) that his motion for leave to amend his petition -- with research he was able to perform when the lockdown was lifted for one day – was denied without reasons. After reviewing Petitioner's motion, notice of appeal, objection to the report and recommendation (R. Doc. 5), motion for leave to amend (R. Doc. 8), and this Court's prior rulings, the Court certifies the appeal is not taken in good faith. Petitioner has failed to articulate an arguable basis for his appeal in either law or fact for the reasons given in the Report and Recommendation (R. Doc. 4), as adopted by the Court in the Order of November 25, 2019 (R. Doc. 6), the Judgment of the same date (R. Doc. 7), and the Order of December 2, 2019 (R. Doc. 9) denying the motion for leave to amend (on the basis that the proposed amendments appeared to assert the same claims as asserted in the original complaint). Accordingly,

**IT IS ORDERED** that the motion for leave to appeal *in forma pauperis* is DENIED. Mr. Garcia-Esparza is not entitled to proceed *in forma pauperis*.

Although the Court has certified that the appeal is not taken in good faith under Title 28 U.S.C. § 1915 (a)(3) and Federal Rule of Appellate Procedure 24(a)(3), Petitioner may challenge this finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion

to proceed *in forma pauperis* ("IFP") on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, <u>within 30 days of this revised order</u>. The cost to file a motion to proceed IFP on appeal with the Fifth Circuit is calculated below, and if Petitioner moves to proceed IFP on appeal, the prison authorities will be directed to collect the fees as calculated in this order.

If Petitioner Garcia-Esparza files a separate motion to proceed IFP on appeal with the Clerk of Court for the Fifth Circuit, he is assessed an initial partial fee of $0.00. Thereafter, Petitioner shall pay the $505.00 appeal fee in periodic installments. Petitioner is required to make payments of 20% of the preceding month's income credited to his prison account until he has paid the total appeal fee of $505.00. The agency having custody of Petitioner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by Title 28 U.S.C. § 1915(b)(2), and forward the payments to the Clerk, U.S. District Court, 500 Poydras St., Room C-151, New Orleans, LA 70130.

If Petitioner moves to proceed on appeal IFP, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which Petitioner is currently or subsequently confined.

New Orleans, Louisiana, this 2nd day of March 2020.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE